No. 2201.—E. A. WENTZEL v. ROBINSON & REID et al.

Defendants obtained injunctions from the courts of Louisiana prohibiting all other persons from selling Anchor oil in the State, predicated on the ground that the exclusive right to sell said oil within the State, which has been patented under the patent laws of the United States, belonged to them. The injunctions were dissolved on the ground that no patent for the Anchor oil was shown.

Held—That the defendants, who had enjoined the sale of a certain kind of oil within the limits of the State, on the allegation that they held the patent and exclusive right to sell such oil, and having failed on trial to show their exclusive right or the patent, they and their sureties on the injunction bonds were liable, *in solido*, for the damages caused by the illegal injunctions thus obtained.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Murphy & Lambert,* for plaintiff and appellee. *R. & H. Marr* and *J. N. Brickell,* for defendants and appellants.

TALIAFERRO, J. The plaintiff sued for damages caused, as he avers, by the illegal and unwarrantable interference by the defendants with his exclusive right, under patent, of selling within the State of Louisiana and other States adjacent, a certain illuminating fluid known as "Anchor oil."

The defendants admit that they enjoined the plaintiff from selling the Anchor oil, but aver that they did so under the belief that they possessed the exclusive right of vending it within the State, and not through malice towards the plaintiff. Judgment was rendered in the court below against the defendants, Robinson & Reid, *in solido*, for $550, and against Lacompt, one of their sureties on the injunction bond, for $245 of said sum.. From this judgment the defendants appealed.

The facts seem to be that Wentzel, who is a dealer in lamps and lamp oil, purchased, in 1868, from one Hollister, of Cleveland, Ohio, the inventor or discoverer of the Anchor oil, the sole privilege of selling it in the State of Louisiana, for which he paid $1000.

The defendants, alleging themselves to be the assignees of Coats & Co., represented as the real patentees for the manufacture of this kind of oil, and averring that they had purchased the sole right of selling it in Louisiana and the adjacent States, sued out a writ of injunction inhibiting and restraining Wentzel from selling or disposing of Anchor oil in the State of Louisiana. A sharp litigation followed, which was kept up for several months. Wentzel took a rule against the defendants to set aside their injunction on the ground of the insufficiency of the surety on the injunction bond, in which he succeeded. A counter rule was taken by defendants to set aside the order which Wentzel had obtained, allowing him to continue to sell Anchor oil *pendente lite*, upon giving security. Robinson & Reid obtained a second injunction against Wentzel on the same ground upon which he took out the first, giving a solvent surety on their second bond. The defendants' suit was dismissed, on the ground that they failed to prove that the "Anchor oil" had been patented, and therefore they could not have acquired, as alleged, the exclusive right of vending it in Louisiana.

The plaintiff, we think, has established his right to damages. The defendants signally failed to sustain the allegations set forth in their petitions for injunctions against the plaintiff. Coats & Co. never had any right to sell the exclusive privilege of vending the article, and it seems, by the admission of one of the defendants, that they never used any effort to ascertain whether Coats & Co. had such right. The defense is put purely on technical grounds. It is insisted on the part of the defendants that this action is exclusively founded upon the allegation that the conduct of defendants toward the plaintiff was prompted by malicious feelings, and that the plaintiff has failed to make good his charge of malice.

It is true the prayer of the plaintiff's petition contains the allegation that the defendants' proceedings are illegal and malicious, and it is lacking in clearness and precision, yet it sufficiently appears that his claim is upon the injunction bonds. The petition specially alleges

that the two sureties are responsible to plaintiff on the bonds. The prayer of the petition is for judgment, *in solido*, against the defendants and the sureties, "as above set forth," and the injunction bonds are introduced in evidence.

We see no reason for disturbing the judgment, and it is therefore, ordered that it be affirmed, with costs in both courts

Rehearing refused.